UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22567-CIV- GRAHAM/TORRES

DEBORAH K. SIX,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## OMNIBUS ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Expert, Dr. Jorge Cabrera and Motion for Fees/Sanctions for Plaintiff's Counsel's Improper Objections at Deposition of Dr. Jorge Cabrera [D.E. 36], Plaintiff's Motion to Strike Defendant's Untimely Disclosed Expert Witnesses. [D.E. 38], Plaintiff's Motion to Strike Defendant's Pleadings [D.E. 72], Plaintiff's Motion to Compel Discovery, and Defendant's Motion to Compel Discovery. For the foregoing reasons, in addition to the reasons articulated at the August 1, 2008 hearing, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    Defendant's Motion to Strike Plaintiff's Expert, Dr. Jorge Cabrera and Motion for Fees/Sanctions for Plaintiff's Counsel's Improper Objections at Deposition of Dr. Jorge Cabrera [D.E. 36] is **DENIED**.

Defendant claims that Plaintiff improperly and unfairly delayed the deposition of Dr. Jorge Cabrera. First, to the extent there were any issues regarding the delay of *taking* the deposition, the Court previously addressed those issues in its May 27, 2008 Order. [*See* D.E. 33]. Dr. Cabrera was deposed on June 4, 2008, in compliance with the Court's Order. More importantly, Defendant fails to demonstrate any prejudice or harm suffered. Accordingly, we

deny Defendant's request for the severe sanction of striking Plaintiff's Expert.

Defendant also seeks reasonable fees or costs, asserting that Plaintiff's counsel improperly objected for the purpose of coaching or leading the witness. Although Plaintiff's counsel voiced impermissible speaking objections on more than one occasion, her conduct did not rise to the level of attempting to coach or lead the witness. As an aside, we note that the parties agreed to continue/complete the deposition of Plaintiff's expert, so the issue as to whether the deposition should be reopened is moot.

2. Plaintiff's Motion to Strike Defendant's Untimely Disclosed Expert Witnesses [D.E. 38] is **DENIED.** Plaintiff asserts that Defendant failed to comply with the Court's Scheduling Order by providing complete expert witness information on April 23, 2008, after the April 16, 2008 deadline. However, this is incorrect, Defendant's expert witnesses are classified as rebuttal expert witnesses because their sole purpose is to rebut the opinions of Plaintiff's experts. Therefore, the correct deadline for Defendant to exchange this rebuttal expert witness information was May 7, 2008, and Defendant met this date in compliance with the Court's Scheduling Order. In any event, Plaintiff's counsel could not articulate any prejudice as to this purportedly late disclosure. Even assuming that the witness was disclosed late, we would not have granted the draconian remedy of striking Defendant's Expert Witness.

3. Plaintiff's Motion to Strike Defendant's Pleadings [D.E. 72] is **DENIED** for the reasons articulated at the hearing. In brief, the entire basis to strike pleadings is for alleged discovery violations. Plaintiff fails to articulate why this Court should impose the ultimate sanction of striking Defendant's pleadings, especially considering that both parties appear to be equally at fault for the myriad discovery disputes in this case.

4. Plaintiff's Motion to Compel Discovery is **GRANTED in part**. Defendant shall have seven (7) days to produce all documents responsive to Requests for Production 14, 17, 19, 26 and 27.

Defendant shall produce a 30(b)(6) witness for deposition within 2 weeks. In addition, Defendant shall produce Walter Caceres (Assistant Carpenter) for deposition via telephone. Defendant shall also produce Joseph Morales (Chief Security Officer) for deposition via telephone. The depositions shall be conducted within the next two weeks.

5. Defendant's Motion to Compel Discovery is **DENIED**. Defendant waived any right to raise objections to discovery responses by waiting longer than thirty days, indeed several months, to raise the issue and file a motion to compel.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of August, 2008.

 */s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

Copy to:
 All counsel of record